171      267
23 SC ² 26

## Second National Bank of Altoona, Pa., *v.* Harry A. Gardner, Appellant.

*Practice, C. P.—Service of process—Sheriff's return.*

In an action of assumpsit by a bank against its defaulting cashier, the sheriff's return that a copy of the summons was left at defendant's dwelling house with his wife, " an adult member of defendant's family. and that the defendant could not be conveniently found," will not be set aside at the instance of the wife upon a mere averment by her that defendant had left his home, and had not told her where he was going, and that she believed by reason of the charges made against him " when he left it was to abandon his then place of residence, and that it was not his purpose to return to it."

*Practice, C. P.—Statement—Act of May 25, 1887, P. L. 271.*

In an action of assumpsit by a bank against its defaulting cashier, the statement of claim is sufficient which avers that the defendant " took for his own use out of the moneys of and belonging to the said bank " the sum, etc., and that no part of the said sum "has ever been paid by the defendant to the plaintiff, and that the same is owing, unpaid and due from the defendant to the plaintiff."

In such a case copies of tickets or memoranda deposited by defendant in place of the money he took, although of themselves importing no liability on the part of defendant, may properly be annexed to the statement, and taken in connection with the averments of the statement are sufficient to put the defendant to an affidavit of defense.

Argued April 24, 1895.   Appeal, No. 463, Jan T., 1895, by defendant, from orders of C. P. Blair Co., Jan. T., 1895, No. 23, refusing to set aside service of summons, and entering judgment for want of a sufficient affidavit of defense.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Assumpsit by a bank to recover moneys alleged to have been fraudulently appropriated by the defendant, the cashier of the bank.

From the record it appeared that the sheriff's return of service of summons was as follows: "Served by leaving a copy thereof at the dwelling house of defendant with wife of the defendant, Mrs. Julia O. Gardner, an adult member of the defendant's family, and that the defendant could not be conveniently found." Defendant's wife obtained a rule to set aside the service, filing the following affidavit:

"She is the wife of Harry A. Gardner, the defendant in this suit, and she is the person with whom the sheriff of the county left a paper purporting to be a writ of summons against her husband in the above entitled suit; that at the time the said writ was left with her, to wit: 15th October, 1894, Harry A. Gardner was not a resident of the county, and was not an occupant nor inmate of her dwelling house; that he had left his home and said dwelling house on the 6th August, 1894, or thereabout, and had not since returned; that when he left he did not inform her where he was going, but at the time of his leaving he had for a number of years been the cashier of the plaintiff bank, and from what she has since learned from statements and charges made against him in connection with his office, by those connected with the bank, she believes, when he left it was to abandon his then place of residence, and that it was not his purpose to return to it; that at present, and on the said 15th October, 1894, he was no longer a resident of the county, and he could not have been 'found' at all 'conveniently' or otherwise by the officer who came with the writ, nor could she for him make answer to the complaint in this writ, as she has no knowledge touching the law."

The court discharged the rule.

Plaintiff's statement was as follows:

The plaintiff, the Second National Bank, of Altoona, Pa., a corporation, chartered under the laws of the United States, doing business in the city of Altoona, in said county, claims of the defendant, Harry A. Gardner, the sum of $2,098.18, with interest thereon from the 6th day of August, A. D. 1894, which is justly due and payable to the said plaintiff, by the said defendant, upon the cause of action whereof the following is a statement. The defendant was elected cashier in the said plaintiff bank in the month of August, 1882, and then and there entered upon and assumed and discharged the duties of cashier of

the said bank from that time until the 6th day of August, 1894, continuously; that from the 1st day of January, 1889, to the 6th day of August, 1894, the said Harry A. Gardner, as cashier of said bank, took for his own use out of the moneys of and belonging to the said bank the said sum of $2,098.18, and in lieu of the said sum of money, deposited in the cash item account, which he, as cashier of said bank kept, tickets and memoranda, copies of which are annexed to this statement of claim and made a part of it, showing and charging himself with the amount and amounts taken from time to time, as aforesaid; that the sum or amount of these tickets and memoranda deposited by the said defendant in the said cash item account kept by himself, as aforesaid, as cashier of the said bank, is $2,098.18, on which interest is owing from the 6th day of August, A. D. 1894; that no part of the said principal sum has ever been paid by the defendant to the plaintiff, and that the same is owing, unpaid and due from the defendant to the plaintiff.

And that the whole amount of said indebtedness was con tracted by the said defendant with the said plaintiff since the 1st day of January, 1889, and prior to the 6th day of August, 1894.

| Copy.<br>H. A. G. | Copy.<br>H. A. G. | Copy.<br>H. A. G. | Copy.<br>H. A. G. |
|---|---|---|---|
| 10. | 100 — | 8.50 | $782.82 |
| 85. | 70.86 | 50 — | |
| 26.70 | 21.25 | 50.25 | |
| 71.42 | ——— | | |
| 33.80 | 192.11 | 108.75 | |
| 28. | 199.63 | 20.35 | |
| ——— | | 81.80 | |
| 254.92 | 391.74 | ——— | |
| 80. | 101.43 | 210.90 | |
| 95. | ——— | 77.50 | |
| ——— | 493.17 | 24.75 | |
| 429.92 | | 5 — | |
| 24.12 | | 45. | |
| 782.82 | | ——— | |
| 363.15 | | $363.15 | |
| 5.00 | | | |
| ——— | | | |
| $1,605.01 | | | |
| 493.17 | | | |
| ——— | | | |
| Total, $2,098.18 | | | |

Mrs. Gardner filed an affidavit of defense which was as follows :

" Personally appeared before me Mrs. Julia O. Gardner, wife of defendant, who being duly sworn according to law says she makes defense for her husband in above action as follows :

" She is informed by counsel there can be no recovery upon the plaintiff's statement, filed for the following reasons :

" 1. Whilst it is alleged in plaintiff's statement, during the time from 1st of January, 1889, to 6th August 1894, more than 5½ years, that defendant took for his own use at different times sums equal in the aggregate to $2,098.18, it is not alleged that he wrongfully or improperly took the same, nor that the same was not accountable on, or due for his salary and compensation which during that period he had earned, and which would amount to a sum very much more than $2,098.18, nor that he was not authorized in some way to take and use the said sum as he was the cashier, and in the legal control of the funds and assets of the bank.

" This the sole averment of the plaintiff's statement, she is informed, does not of itself form the foundation of an action.

" 2. This averment of the plaintiff is not helped by the production of so-called memoranda, copies of which are annexed to the statement.   The memoranda are merely blank pieces of paper (unused checks), with no words of writing and which indicate nothing.   They bear no date; they do not say he nor any one promises to pay the same, nor any of them; they do not say he was to pay them to the bank, nor to any one else; nor is there on them the slightest evidence of any undertaking or promise on the part of him or any one, either for his own benefit, or against him, as to any matter.

" They are not such evidence of debt by him to the bank, as she is informed, upon which an action can rest, and certainly not such prima facie evidence of debt, upon which plaintiff would be entitled to a judgment under the rules, without the addition of more."

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Errors assigned* were (1) discharging rule to set aside service ; (2) making absolute a rule for judgment.

*Aug. S. Landis, Thomas H. Greevy* with him, for appellant.
—The service was insufficient. There was no possibility of
finding the defendant. He had fled, and the dwelling house,
the home, the residence and the family were all deserted, and
there was no longer any connection between him and them.

In this suit there is no bond, bill, or note, nor any instrument
of writing promising to pay, nor any contract for money loaned
or advanced, nor any book account, and hence no affidavit of
defense was required: Hamill v. O'Donnell, 2 Miles, 101 ; Har-
bison v. Hawkins, 81* Pa. 142 ; Wall v. Dovey, 60 Pa. 212.

*Daniel J. Neff, William S. Hammond* with him, for appellee.—
The summons was served in accordance with the act of June 13,
1836, P. L. 587: Jennison v. Hapgood, 10 Pick. 77.

The fundamental idea of domicile is home, and as a man does
not lose his home in fact by mere absence, so he cannot lose his
home in law from the same cause: Jacobs' Law of Domicil,
sec. 151; Cobb v. Rice, 130 Mass. 231.

An absconding debtor's last place of residence in this state and
where his family remains continues his residence or dwelling
house in law, although his whereabouts are unknown: Scott v.
Hilgert, 14 W. N. C. 305; Pfoutz v. Comford, 36 Pa. 420.

Removal out of the state, without an intention permanently
to reside elsewhere, will not lose residence: Fry's Election Case,
71 Pa. 302; Reed's App., 71 Pa. 378; Ayer & Co. v. Weeks,
6 Lawyer's Rep. Annotated, 716.

The case of Hamill v. O'Donnell, 2 Miles, 101, was for a
" book debt," and the statement was under the old act of
March 28, 1835, P. L. 89, applicable to the city of Philadelphia,
providing for the recovery of " book debts " therein specified.
The case was decided on the ground that the book entries were
not entries in the original book of the plaintiff.

The plaintiff's claim in Harbison v. Hawkins, 81* Pa. 142,
was under the same act of 1835, and it was held that the entries
were not the proper subject of book account: Wall v. Dovey,
60 Pa. 212, was decided upon the ground that " the book entries
contain no charge against the defendant," and they were not
original entries.

As to the requisites of a statement under the act of 1887, we
refer to the case of Blanchard v. Hunter, 7 Pa. C. C. R. 552,

wherein it is held that an affidavit of defense must be filed, under the act of May 25, 1887, in all actions of assumpsit where a sufficient statement has been filed, although the demand was not founded upon a note, book account, or contract in writing.

When the plaintiff's statement of demand under the act of May 25, 1887, is sufficiently specific in other respects, the plaintiff will not be required to add thereto dates which are wholly within the knowledge of the defendant, and of which the plaintiff cannot be cognizant: Lincoln v. Martin, 5 Pa. C. C. R. 333.

OPINION BY Mr. JUSTICE MITCHELL, October 7, 1895:

The sheriff's return was in the form prescribed by the statute, and therefore by its terms showed a good service. But if it were traversable it was good on the facts so far as they appear. The defendant had gone away leaving his family in his residence, and there was no evidence of his intention to acquire a new domicile, certainly none that he had acquired one. The only negation of intention to return is by an inference from the circumstances, drawn by his wife, who expressly admits that she had no information from him on the subject.

On the other branch of the case, the plaintiff's statement contained the averment that the defendant " took for his own use out of the moneys of and belonging to the said bank " the sum etc. and that no part of the said sum " has ever been paid by the defendant to the plaintiff, and that the same is owing, unpaid and due from the defendant to the plaintiff." This states a good prima facie cause of action. The plaintiff was not bound to go further and negative possible defenses.

The averments in the statement as to the tickets or memoranda deposited by the defendant in the place of the money he took, and the copies of such tickets attached to the statement, are in compliance with the act of 1887. The tickets do not of themselves import any liability on the part of the defendant, and would certainly not comply with the rule under the old affidavit of defense law that required the instrument sued on to be such as could go to the jury to establish, unaided by other evidence, the liability of the defendant. But this rule and the cases of Harbison v. Hawkins, 81* Pa. 142, and Wall v. Dovey, 60 Pa. 212, cited by appellant, were under the former statutes by which the affidavit was made to the instrument sued on.

All the cause of action that the court had before it on the rule for judgment was the copy filed. Under the practice act of 1887 however the affidavit is to a defense against the statement, and the copy of instrument attached to the latter is merely a matter of evidence, in aid of that precision in setting forth the cause of action, which it was probably perceived would be likely to be wanting in the rambling story which the act invited plaintiffs to substitute for a declaration in the scientific and approved form.

The circumstances are such that there may be a hardship in the case, and if defendant or his counsel can produce any evidence to cast a doubt on the amount, or on the merits in any way, he will have a good standing to have the judgment opened, but on this record we find no error in entering it.

Judgment affirmed.

STERRETT, C. J., dissents.