### Amshel *v.* Hosenfeld, Appellant (No. 2).

*Res adjudicata—Promissory notes—Want of consideration.*

In an action upon a promissory note the plaintiff may anticipate the defendant's defense by setting forth in his statement that a former judgment was recovered on one of a series of similar notes.

Argued April 16, 1902.   Appeal, No. 68, April T., 1902, by defendant, from order of C. P. No. 3, Allegheny Co. Aug. T., 1901, No. 329, making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of Louis Amshel v. Nicholas Hosenfeld. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the report of Amshel v. Hosenfeld (No. 1), supra, and by the opinion of the Superior Court.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

376, (1902).] Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court.

*F. C. McGirr,* of *Marron & McGirr,* for appellant.

*William Yost,* for appellee.

OPINION BY BEAVER, J., May 22, 1902 :

The note upon which the suit in which judgment was entered in this case was founded is one of a series of four, aggregating $1,000, given by the defendant to the plaintiff, as part consideration for the sale of a hotel property in Braddock.. It is evident, from the statements contained in the affidavit of defense, that the defense, if there be a valid one, is good as to the entire series of notes and that there is no element of defense applicable to any one of the notes which is not equally available as a defense to all. This becomes all the more clearly apparent from the record in Amshel v. Hosenfeld, ante, p. 373. From the record in that case it appears that suit was brought to No. 113, May term, 1901, in common pleas No. 3 of Allegheny county upon the first of the series of the notes above referred to ; that judgment was taken by default for want of an appearance, but that subsequently an affidavit of defense was filed and a rule to open the judgment allowed, which, after full consideration, was discharged, the case being treated as a motion for judgment for want of a sufficient affidavit of defense. Under these circumstances, the questions presented here by the pleadings and tried in No. 89 of this term, as we have endeavored to point out in the opinion in that case, are res adjudicata. The difference in the cases is that here the plaintiff sets out in his statement of claim the recovery in a suit upon one of the series of notes in No. 113, May term, 1901, and " that, by said suit, the plaintiff's right to recover in this suit upon the next note of the said series was fully and finally adjudicated," etc. The defendant denies the right of the plaintiff to set forth this fact in his statement of claim and thus anticipate and bar the defense which the defendant could set up on account of the failure of consideration of all the notes of the series. But we cannot see why the statement of this fact is not entirely legitimate and pertinent. The adjudication is conclusive or it is not. If conclusive, it is an important element

in the statement which should affirmatively appear as necessary to a consideration of the whole case.   If not conclusive for any reason, the facts which make it so could be set out in the affidavit of defense as well as any others which served to constitute a defense.

Regarding, as we do, the questions involved in the case as res adjudicata, we need not consider the other grounds of defense which are considered by the court below and which involve a reconsideration of the case upon original grounds of failure of consideration.

Judgment affirmed.