## Rodgers & Hagerty, Inc., v. Baker.

*Statement of claim—Pennsylvania parol evidence rule—Promissory note—Agreement to renew when due—Affidavit of defence—Law of sister state to be established as fact—Anticipating defence in statement of claim.*

1. In an action on a promissory note made and delivered by defendant at Ocean City, N. J., for $6000, payable to the order of plaintiff Sept. 1, 1925, at the First National Bank of Ocean City, N. J., an affidavit of defence is sufficient which avers that the execution and delivery of the note were induced by an oral agreement by plaintiff with defendant that if the maker, the defendant, should pay $1000, together with the entire interest upon the note at maturity, he, the plaintiff, would then renew the note for the balance due for another period of four months, which sum, with interest, was tendered by defendant and refused by plaintiff, there being nothing in the pleadings to show that the Pennsylvania parol evidence rule did not obtain in New Jersey.

2. The court cannot take judicial notice of the law of another state, and, hence, in the instant case presumed that the law of New Jersey was the same as the law of Pennsylvania.

3. Ordinarily, the plaintiff in his statement of claim should not anticipate the defence, yet in many instances he may elect to do so by submitting his entire case in his statement, so as to raise questions of law the determination of which will settle the controversy.

4. In the instant case the court discharged the rule for judgment, but permitted plaintiff to amend his statement of claim by setting forth the New Jersey law, which forbids the introduction of parol evidence to vary the terms of a promissory note.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 1, Phila. Co., Dec. T., 1925, No. 578.

*Francis J. Bowden*, for rule; *Harry T. Rotenbury*, contra.

TAULANE, J., Jan. 18, 1926.—This is a rule for judgment for want of a sufficient affidavit of defence.

The suit is on a promissory note made and delivered by the defendant at Ocean City, New Jersey, for $6000 and payable to the order of the plaintiff on Sept. 1, 1925, at the First National Bank, Ocean City, New Jersey.

Rodgers & Hagerty, Inc., *v.* Baker.

The defence is that at the time of the execution and delivery of the note, and as an inducement thereto, the plaintiff orally agreed with the defendant that "if said maker (defendant) should pay $1000, together with the entire interest upon said note, at maturity, plaintiff would then renew said note for the balance due, namely, $5000, for another period of four months," which sum, with interest, was tendered by the defendant and refused by the plaintiff.

The plaintiff bases his rule for judgment on the ground that the law of New Jersey, where the note was delivered and payable, prohibits the introduction of parol evidence to vary the terms of a promissory note.

There is no doubt that such is the law of New Jersey: Stiles *v.* Vandewater, 48 N. J. L. 67; Gerli *v.* National Mills Supply Co., 78 N. J. L. 1, and Church *v.* National Banking Co., 97 N. J. L. 237.

As the law of New Jersey does not appear in the pleadings, and we cannot take judicial notice of the law of another state, we are obliged to presume that the law of New Jersey is the same as the law of Pennsylvania: Musser *v.* Stauffer, 178 Pa. 99, and 39 Harvard L. Rev. 378. Until the law of New Jersey is properly before us, we cannot adjudicate the rights of the parties under the law of New Jersey.

It is a serious question whether the defence alleged is good under the law of Pennsylvania. There is no allegation that the oral agreement was omitted from the note through fraud, accident or mistake.

Prior to Gandy *v.* Weckerly, 220 Pa. 285, no one would have seriously doubted that the affidavit of defence in the case at bar is insufficient, and it was so decided in Anspach *v.* Bast, 52 Pa. 356, and Wolf *v.* Rosenbach, 2 Pa. Superior Ct. 587.

Unless the collateral oral agreement destroys or nullifies the written agreement, it is difficult to think of any collateral oral agreement modifying or changing a written instrument which cannot be set up under the rule announced in the Gandy case.

There is a marked tendency in the most recent decisions of the Supreme Court to limit and restrict the so-called Pennsylvania parol evidence rule (Evans *v.* Edelstein, 276 Pa. 516; Wolverine Glass Co. *v.* Miller, 279 Pa. 138; Gianni *v.* Russell & Co., 281 Pa. 320, and First National Bank *v.* Purcell, 284 Pa. 355); but until the Gandy case is limited or reversed, we are bound by it and prevented from entering judgment in this case in favor of the plaintiff. If we could take judicial notice of the law of New Jersey, we would be obliged to enter judgment for the plaintiff, because the note was delivered and payable in New Jersey, and the parol evidence rule is one of substance and not of remedy. This was squarely decided in Musser *v.* Stauffer, 192 Pa. 398, where a suit was brought on a note payable in Virginia and the defence was a collateral oral agreement varying the terms of the note. At the trial it was proved that, under the law of Virginia, such evidence was inadmissible. It was held that the law of Virginia controlled, and evidence of the oral agreement was inadmissible.

There is no doubt that the law of New Jersey excludes evidence of a contemporaneous oral agreement varying or contradicting the terms of a promissory note; therefore, if the law of New Jersey appeared in the pleadings and was before us, we would be obliged to enter judgment for the plaintiff.

We believe that the plaintiff may amend its statement of claim and set forth the law of the State of New Jersey, and this could be done by the plaintiff averring that, at the maturity of the note, the defendant refused to pay it on the ground that the plaintiff, at the time of the execution of the note, orally agreed to renew the note, and that under the law of the State of New Jersey,

where the note was delivered and payable, evidence of such agreement is inadmissible, quoting the law in full, as it did in its brief.

Ordinarily, a plaintiff in his statement of claim should not, and is not obliged to, anticipate the defendant's defence (Shipman's Common Law Pleadings (2nd ed.), 428, 430; 21 Ruling Case Law, 491, 492), which, according to Hale, C. J., is "like leaping before one comes to the stile:" Bovy's Case, Vent. 217.

This rule, however, is primarily for the benefit of the plaintiff and not the defendant. In some cases it is proper for the plaintiff to anticipate the defence, and we believe this is such a case. In 21 Ruling Case Law, 492, it is said: "But while a party is not ordinarily bound to anticipate a defence, it is often proper for him to do so. A plaintiff may in many instances elect to set forth all the facts and submit the entire case upon questions of law, following in this course, where the practice permits, the rule which has always obtained in equity that a defence may be anticipated."

In Second National Bank v. Gardner, 171 Pa. 267, an action was instituted against a cashier of a bank for money embezzled, and in the statement of claim, in addition to the averment of the amount embezzled, there were set forth copies of tickets or memoranda deposited by the defendant in place of the money he embezzled. It was held that such a practice was proper, though the tickets or memoranda were not in themselves sufficient to base a cause of action upon.

These tickets or memoranda amounted to no more than evidence, but they obliged the defendant to admit or deny them in his answer.

In Amshel v. Hosenfeld, 20 Pa. Superior Ct. 376, it was held that in an action upon a promissory note the plaintiff may anticipate the defendant's defence by setting forth in his statement that a former judgment was recovered on one of a series of similar notes. Beaver, J., said: "The defendant denies the right of the plaintiff to set forth this fact in his statement of claim and thus anticipate and bar the defence which the defendant could set up on account of the failure of consideration of all the notes of the series. But we cannot see why the statement of this fact is not entirely legitimate and pertinent. The adjudication is conclusive or it is not. If conclusive, it is an important element in the statement which should affirmatively appear as necessary to a consideration of the whole case. If not conclusive for any reason, the facts which make it so could be set out in the affidavit of defence as well as any others which serve to constitute a defence."

To the same effect, see City of St. Louis v. United Rys. Co., 263 Mo. 387.

We are unable to follow the decision in Henry v. Lynde, 12 Pa. C. C. Reps. 189, and Smith v. Stevenson, 30 Pitts. L. J., N. S., 231, holding that in no instance can a plaintiff anticipate the defence. In some cases, it is true, confusion may arise by allowing the plaintiff to anticipate the defence, but no such confusion can arise in the case at bar.

Without violating any substantive rule of law or infringing upon any technical rule of procedure, the course we suggest will permit the plaintiff to obtain judgment at this time without waiting months for the trial of an issue that is undisputed.

We do not agree with Sir Frederick Pollock that "litigation is a game in which the court is umpire," . . . and "it is for the parties to learn the rules and play the game correctly at their peril:" The Expansion of the Common Law, 32.

And now, to wit, Jan. 18, 1926, the plaintiff's rule for judgment for want of a sufficient affidavit of defence is discharged without prejudice; the plaintiff

is permitted to amend its statement of claim as herein indicated, and the defendant shall file an affidavit of defence to the amended statement of claim within fifteen days from service thereof, with leave to the plaintiff to again move for judgment for want of a sufficient affidavit of defence.