## Zillman v. Kraus et ux.

*Edward E. Petrillo*, for plaintiff.

*Brooks, Curtze & Silin*, for defendants.

EVANS, P. J., August 11, 1951.—This matter is before the court on preliminary objections to a complaint seeking damages in an action of trespass.

First objection is to the service of process, which was secured by handing a true and correct copy of the complaint to Mrs. Mary Jane Kraus, wife of defendant Earl L. Kraus, at his residence, 134 East 9th Street, Erie, Pa. Ordinarily, testimony should be taken on the question involved, but in defendants' brief it is stated that Mr. Kraus was recalled to military service and is stationed at Camp Le Jeune, N. C. It is admitted, however, that he and his wife jointly signed a lease for the premises in Erie, that his furniture is there and that his wife continues to reside in said premises. It is agreed that we may assume these facts.

Rule 1009(*b*)(2) of the Pennsylvania Rules of Civil Procedure, provides for service "by handing a copy at

the residence of the defendant to an adult member of the family with which he resides". It is contended that this defendant no longer resides in Erie and service is therefore void. In Raymond v. Leishman, 243 Pa. 64, it is held that a person may have only one domicile but he may have several places of residence. Residence combined with intention to remain constitutes domicile. In Robinson v. Robinson, 362 Pa. 554, it is held that statutes permitting substituted service must be construed in a manner consistent with the purpose to assure that defendant will actually get knowledge of the commencement of action against him and of his duty to defend. In this latter case it was held that a defendant who had left the home of his parents in Pennsylvania with his belongings, and who had no apparent intention to return, cannot be held bound by a service made at the home of his parents after he had departed. However, in the case at bar we feel that at least one residence of defendant is at the location where service was made. His wife, with whom he is living, and his personal belongings and furniture upon property leased by him meet, with respect to residence, the legal requirements of the above-recited rule of procedure. We are required to hold the service to be valid.

Other objections are made as to the insufficiency of allegations and these contentions are admitted.

### Order

And now, to wit, August 11, 1951, the preliminary objections of defendants to sufficiency of the allegations of the complaint are sustained and plaintiff is required to amend paragraphs 6, 7, 8, 10 and 11 of the complaint within 15 days to meet the objections. The objection with regard to service of the complaint is overruled and dismissed.