## Anderson v. Jaszenski

Before Gibson, P. J., Carson and Cummins, JJ.

*D. M. Anderson, Jr.*, for plaintiff.

*Thomas L. Anderson* and *Richard G. Miller, Jr.*, for defendant.

CARSON, J., March 3, 1952.—Plaintiff, on June 4, 1951, filed a complaint in trespass, to recover alleged damages sustained in an automobile collision, which occurred September 29, 1950, due to the negligent operation of his automobile by defendant. The sheriff filed a return of service which reads in part: "On Tuesday, the fifth day of June, 1951—I served the within Complaint in Trespass upon the—defendant—by handing to his mother—an adult member of his household, at their residence—a true and attested copy of the within Complaint."

On September 10, 1951, Thomas L. Anderson, Esq., entered his appearance, "de bene esse," for defendant, and filed preliminary objections averring:

"1. The defendant at the time of the institution of this suit on June 4, 1951, and the service of the complaint by the sheriff on June 5, 1951, was, and at the present time is, in the military service of the United

States, to wit, in the United States Army, with station beyond the territorial limits of the United States, to wit, in the Republic of Korea.

"2. The complaint in this case was served by the sheriff upon the mother of the defendant at her residence, and the former residence of the defendant, at the Village of Elrama, Washington County, Pennsylvania.

"3. Your honorable court is without jurisdiction of the person of the defendant, for the reason that valid service of process may not be made upon a soldier in the actual service of the armed forces of the United States by serving an adult member of his family at his former dwelling."

Defendant prays that the service be set aside and the writ quashed.

A written stipulation of counsel was filed January 29, 1952, wherein it was agreed: "(a) The defendant at the time of service was in the military service of the United States; (b) The defendant, although usually residing at Elrama, Pennsylvania, was absent therefrom on active duty with the United States Army and was in Korea at the time of service." It was agreed that the service is good unless the admitted facts "destroy such service".

The stipulation of admitted facts could have been more complete. We assume this stipulation to mean that the defendant had his domicile and residence with his mother, where the complaint was served on an adult member of his family. No other residence is averred. We assume we may infer from the petition and stipulation, that the defendant is temporarily on duty in the United States armed forces, somewhere in Korea. His physical presence in Korea is not precisely located, and he probably is moving from place to place. No information is furnished as to whether defendant enlisted voluntarily, whether his period of

enlistment is two years or eight years, whether he is subject to rotation and transfer to the continental boundaries of the United States within the near future, nor whether he may make the armed forces his permanent career.

We have read the recent decisions relating to the jurisdiction and service of process, particularly, the case of Robinson v. Robinson, 362 Pa. 554, and the authorities therein cited. The word, "residence," must be given a meaning applicable to the circumstances of the particular case. The word, "residence," within the taxation, voting, residence, divorce, adoption, exemption, insolvency, etc., statutes, is not always the same. Its legal phrase must be determined in each case. Pa. R. C. P. 1009(b) (2) (i) provides that a complaint may be served upon a defendant, by handing a copy "at the residence of the defendant to an adult member of the family with which he resides".

It was not contended that defendant was entitled to the benefit of the Civil Relief Act, 54 Stat. at L. 1180, 50 U. S. C. §520. We assume that the protection of this act ceased six months after the cessation of hostilities on September 2, 1945. Counsel for defendant argues that service has not been made upon the "residence" of defendant, for the reason that it was made upon defendant at his "late residence". The facts agreed upon in the stipulation cannot be thus enlarged or disputed. We must accept the stipulation upon its face, together with apparent inference that service was made upon defendant at his "residence" within the meaning of the procedural rules.

The real question in this case, is whether there is a statutory exemption of a soldier in the military service of the United States Government stationed beyond the territorial limits of the United States. Counsel for defendant relies upon section 4 of the Act of April 18, 1861, P. L. 408: "No civil process shall issue, or be

enforced against any person mustered into the service of this state or of the United States, during the term for which he shall be engaged in such service, nor until 30 days after he shall have been discharged therefrom: Provided that the operation of all statutes of limitations shall be suspended upon all claims against such person during such term."

The application of this act was discussed in a well-considered opinion by Judge Schaffer, reported in Fister v. Bollinger, 51 D. & C. 621 (1944). For the reasons therein set forth it would appear that the Act of 1861 has never been specifically repealed and cannot be repealed by implication.

We are mindful of the opinion in Lawther v. Lawther, 53 D. & C. 280, but cannot follow Judge Sheely in his conclusion that the Act of 1861 is no longer effective. We accept the conclusion that the service of the complaint is proper, but that all further proceedings thereon should be stayed until defendant returns from military service and has the opportunity of contesting further action.

We assume that defendant had no choice other than responding to his Government's appeal, whether he entered the service voluntarily or through selective service. In ordinary times, the civil law of our land is supreme, but these are not ordinary times. While such declarations may be trite, nevertheless, when our highest legislative bodies have proclaimed that for the preservation of our freedom as a Nation, it is necessary that individuals be deprived temporarily of their freedom and be selected and drafted into military service, the individuals so drafted do not have the opportunity of contesting civil actions brought against them.

While the rights of claimants should be preserved when process is served in the manner provided by the Pennsylvania Rules of Civil Procedure, it is also fundamental that the rights of defendants in military

service should be protected, and that no further process issue against such defendants while they are in active military service. The military service is not a sanctuary to permanently protect a defendant from his lawful obligations. The serving of process will protect plaintiff from the statute of limitations. The Act of May 17, 1921, P. L. 869, sec. 50, 51 PS §77, provides:

"No civil process shall issue or be enforced against any officer or enlisted man of the Pennsylvania National Guard in the active service of this Commonwealth or of the United States, during so much of the term as he shall be engaged in active service under orders, nor until 30 days after he shall have been relieved therefrom: Provided, That the operation of all statutes of limitations and presumptions arising from lapse of time shall be suspended upon all claims against such officer or enlisted man during such term."

Public policy demands and requires that members of the armed forces be exempt from obedience to civil process during the time it is physically impossible for the serviceman to comply with the requirements of civil procedure. Public policy, as well as the Act of 1861 and the Act of 1921, have protected defendants under similar circumstances to the instant case. In 42 Am. Jur. 118, §137, it is said: "Immunity or privilege from civil process is accorded, upon grounds of public policy, to persons engaged in the military service, whether in the state militia or in the regular Army, when in actual service or when going to or returning from any muster or state encampment."

If our opinion be correct, our liberal interpretation of the existing law will give protection to persons serving their country, while those of us at home will not experience unreasonable hardship by being required to defer our claimed rights against the absent service men and women, until they return home and have a reasonable opportunity to defend their civil rights.

Plaintiff having procured service of the summons in the method authorized by the Pennsylvania Rules of Civil Procedure, the service is not void and service will not be quashed. However, we will exercise our dis-.cretion and will stay any further proceedings.

*Order*

And now, March 3, 1952, the preliminary objections of defendant are dismissed. In the exercise of our judicial discretion, further proceeding in this action is stayed and suspended until 30 days after defendant shall have been discharged or released from active military service of the United States.