### Stewart v. Campbell

*Thomas J. Evans*, for plaintiff.

*Smith, Eves & Keller*, for defendant.

KREISHER, P. J., September 11, 1962.—The above-captioned defendant, in 1951, was living with his parents in Montour County when he joined the United States Armed Services. In the spring of 1959, while stationed in California, he was transferred to Scotland and given a furlough. He and his family spent this furlough at the home of his wife's parents in Northumberland County. On February 9, he was involved in an auto accident with plaintiff in Montour County, and he gave the investigating officer his address as that of his mother-in-law. Plaintiff instituted the above-captioned action in Montour County by filing a

complaint which was served by deputization May 11, 1960, on said mother-in-law while defendant was on duty in Scotland accompanied by his wife and family.

Counsel for defendant filed preliminary objections alleging defective service of process. Oral depositions of the mother-in-law and the officer were heard by the court and the matter is before us for disposition. Defendant is now discharged from the Army; however, the statute of limitations prevents personal service at this time.

Pennsylvania Rule of Civil Procedure 1009 (b) (2) (i) provides: That a complaint may be served by handing a copy thereof, "at the residence of the defendant to an adult member of the family with which he resides. . . ."

Counsel for defendant contends the mother-in-law is not a member of defendant's family, nor was her home the place where he resides. Likewise, he contends service could not have been made at the home of defendant's parents, because he no longer resides there.

Counsel for defendant does suggest in his written brief that service should have been made in conformity with Pa. R. C. P. 2079, which rule relates to service upon nonresident motorists by service upon the Secretary of the Commonwealth.

It is fair to assume service by this method would have been attacked on the ground that defendant does not become a nonresident upon going into the armed services.

We believe the Pennsylvania Rules of Civil Procedure were adopted to simplify rather than complicate civil process. We also think they should be interpreted by the courts to do justice rather than defeat justice.

In view of the testimony of the officer and the mother-in-law, we feel there was substantial compliance with the rules, though we admit the service here made was not in strict compliance with the rule.

A similar conclusion was reached in the case of Anderson v. Jaszenski, 81 D. & C. 428. In that case, service was made upon the mother of the soldier and the court stayed further proceeding until 30 days after defendant was discharged from active service. Likewise, in the recent case of Shipman v. Welsh, 27 D. & C. 2d 445, it was held:

"Service of a complaint in trespass may properly be made upon a minor serving in the Armed Forces of the United States by serving the minor's father at the minor's home . . ."

However, further proceedings were stayed until 30 days after defendant's discharge.

We do not deem it necessary to reiterate the erudite discussion of the technical niceties of residence and domicile as set forth in the case of Robinson v. Robinson, 362 Pa. 554.

It does not seem to us that it requires any stretch of the imagination under the facts at hand to hold that defendant and his family made their Pennsylvania residence the home of the wife's mother and that the mother-in-law is an adult member of the family, as required by said rule.

To hold otherwise would result in establishing a factual situation whereby a person could escape liability for his torts, which in our opinion is absurd and unwarranted under the present day policy of the courts, to give liberal rather than strict interpretation of the rules of civil procedure.

Since defendant is now home and discharged from the armed services, the reason for a stay of further proceedings is no longer present.

### Order of Court

And now, September 11, 1962, defendant's preliminary objections are dismissed and defendant is allowed 20 days from the date of this order to file an answer to the complaint if he so desires.