**FIREMAN'S FUND INSURANCE COMPANY**

v.

**George W. MYERS and Regina Myers.**

**Civ. A. No. 68–1660.**

United States District Court
E. D. Pennsylvania.

Oct. 8, 1968.

U.S. 533, 624–625, 84 S.Ct. 1362, 12 L.Ed. 2d 506 (1964).

Paul J. Donnelly, Philadelphia, Pa., for plaintiff.

Lionel B. Gumnit, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

WEINER, District Judge.

This is an action based on a building contractor's bond. Plaintiff, as part of the relief prayed for, has petitioned the court for a preliminary injunction concerning the sale or the funds derived from the sale of a certain piece of property. Before the court at the present time is defendant's motion to strike service of summons and the complaint. A hearing was ordered and held on September 26, 1968.

The record discloses that the Marshall's return read as follows:

"I hereby certify and return that I served the annexed Summons and Complaint on the therein named George W. Meyers by handing to a true and correct copy thereof upon Anna Lyons secretary of George W. Myers Company, in charge of the office, at the usual place of business of the defendant presently at 120 Bainbridge Street (as per instructions of plaintiff's attorney)".[1]

Defendants attack the propriety of this service and deny that Anna Lyons, when served, was an employee of the George W. Myers Company.

■■ An action for an injunction is an action in personam and the court must have in personam jurisdiction over the party against whom the injunction runs. Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 38 S.Ct. 65, 62 L.Ed. 260 (1917); Eighth Regional War Labor Board v. Humble Oil & Refining Co., 145 F.2d 462 (5th Cir. 1944), cert. denied, 325 U.S. 883, 65 S.Ct. 1577, 89 L.Ed. 1998 (1945); Brooklyn Nat. League Baseball Club v. Pasquel, 66 F.Supp. 117 (E.D.Mo. 1946). Rule 4(d) of the Federal Rules of Civil Procedure provides for service to be made in the manner prescribed by the law of the state in which the district court is held as well as by federal statute. Thus if service is valid under Pennsylvania law, it is effective in the Eastern District.

■ Rule 1503 of the Pennsylvania Rules of Court, 12 P.S. Appendix state that a judgment, order or decree will not bind a defendant personally unless he is served within the county or otherwise submits himself to jurisdiction of the court. Rule 1504 provides for service to be made in actions in equity in the manner provided for in an action in assumpsit. An injunction, of course, is an equitable remedy. Finally, Pennsylvania

---

1. The Marshall's return of service with respect to Regina Myers is identical.

Rule of Civil Procedure 1009(b) provides in pertinent part:

"(b) When the defendant is an individual, the writ of summons, or the complaint if the action is commenced by complaint, may be served

(1) By handing a copy to the defendant; or

(2) By handing a copy

\* \* \* \* \* \*

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof".

Thus, if Anna Lyons was employed by George W. Myers at the time of service, this court has proper jurisdiction. See Robinson v. Robinson, 362 Pa. 554, 67 A.2d 273 (1940); 1 Goodrich-Amram, Standard Pennsylvania Practice, § 1009 (b)-2.

The testimony taken at the hearing established that Anna Lyons had been the secretary of George W. Myers Company. She made a wage claim to the plaintiff for wages due her as an employee of Myers Company up to August 16, 1968, four days prior to the service of the complaint. Miss Lyons testified that she was not paid after the sixteenth, she did not consider herself an employee of the company, and at the time of service by the Marshall on the twentieth that she was merely cleaning out her possessions. However, Miss Lyons informed the Marshall that she was the secretary of George W. Myers Company and in charge of the place of business before he delivered the complaint to her. She also testified that she went to the office every day after the sixteenth, took messages and delivered them to Mr. Myers, and that Mr. Myers was present in the office at times when she was also there. Evidence was also introduced that telephone calls were made to the company prior and subsequent to the twentieth and that Miss Lyons answered the telephone. After Miss Lyons received the complaint, she immediately notified the firm's lawyer. These are not the acts of a stranger. Miss Lyons testified that

she did make a claim for unemployment compensation, but this was not until many weeks after the twentieth. Furthermore, the fact that the defendants are the principal stockholders, executives, investors and employees of the George W. Myers Company and that this was their regular place of business was not disputed. Finally, the failure of either George or Regina Myers to testify in support of their position casts grave doubt upon their contention. We feel that the evidence is more than sufficient to fix Anna Lyons' status as an employee and the person in charge of the usual place of business of the defendants, thus resulting in effectuating proper service.

## ORDER

Defendants' petition to strike service is denied. It is further ordered that defendants be allowed 20 days in which to answer the complaint.