## Tomlinson v. Halfhill

*Arthur J. Matusow,* for plaintiffs.
*Richard I. Moore,* for defendant.

LUDWIG, J., September 20, 1972.—This is a trespass action in which default judgment was taken on September 16, 1971, for failure to file an answer to the

complaint or enter an appearance. It is now before us under Bucks County Rule of Civil Procedure 266 on defendant's rule to show cause why the judgment should not be opened and preliminary objections to the complaint.

The action was begun by the filing of the complaint on June 1, 1971. Service was made by the sheriff upon defendant's daughter, who is described in the return of service as "an adult member of her family." The sheriff's return states that the complaint was served at defendant's residence in Bristol Township on June 17, 1971.

The petition to open the judgment was filed and the rule entered on November 22, 1971.* In response, plaintiffs filed an answer and new matter, and defendant took depositions of herself and of her above-mentioned daughter. Defendant also filed preliminary objections to the complaint raising a question of jurisdiction over the person. Plaintiffs filed preliminary objections to the preliminary objections, averring that since judgment had already been entered defendant's preliminary objections were belated. This is the record before us.

According to the uncontradicted testimony of the deponents, and we so find as fact, defendant did not physically reside on June 17, 1971, at the address stated in the sheriff's return of service. She had been residing there on the date of the occurrence of the automobile accident that gave rise to the instant cause of action, November 3, 1969. However, on July 10, 1970,

---

* A second, identical rule was entered on December 28, 1971, after defendant's counsel notified the court administrator that he had served the first petition and rule on plaintiff's counsel by certified mail but had mislaid the return receipt.

because of marital difficulties, defendant withdrew from that address and went to live in Morrisville. She considered this to be a change of her legal residence. Her husband remained in the family home, and, on May 25, 1971, a daughter who had been living elsewhere, was married, and she and her husband came to live with her father. Neither she nor her father knew of defendant's whereabouts from July 1970 until September 1971 when there was a reconciliation and defendant returned to the household. Even then, they did not advise her of the service of the complaint, and defendant was unaware of the lawsuit until October 1971 when she received a letter from her insurance carrier.

The daughter, who was 23, had told the sheriff's deputy that she did not know where defendant was living, but had disclosed that she was defendant's daughter. She had not realized the significance of the service of the complaint and, after an unsuccessful attempt to communicate with her mother, had forgotten about it. During her absence, defendant's contact with the home was limited to the receipt of her Pennsylvania driver's license application and of the license itself, the latter having occurred in January 1971.

The focus of the present argument is whether or not the place of service of the complaint qualified as defendant's residence under Pennsylvania Rule of Civil Procedure 1009(b)(2)(i), which allows substituted service of process ". . . at the residence of the defendant [upon] an adult member of the family with which he resides."[1] Plaintiffs apparently concede that the

---

[1] This argument was submitted to us on briefs, and no other question was thus raised or discussed.

sheriff's return of service is not conclusive as to facts of which the process server presumptively does not have personal knowledge, including in this instance defendant's place of residence: Hollinger v. Hollinger, 416 Pa. 473 (1965). See Clark v. Yellow Cab Company of Philadelphia, 43 D. & C. 2d 798 (Phila., 1968). Cf. Miller v. Carr, 221 Pa. Superior Ct. 306 (1972). The position urged by them is that such service was sufficient because it was made at defendant's legal residence, or domicile, and there was no showing that her absence, however protracted, was intended to have been permanent.

If the question were one of domicile, there might be merit in plaintiffs' contention. However, when the identical issue was presented to our Supreme Court, it determined that the term "residence" as used in Pa. R. C. P. 1009(b)(i) denotes "actual residence" and does not refer to "constructive residence" or "domicile": Robinson v. Robinson, 362 Pa. 554 (1949). See 1 Stand. Pa. Pract. (revised), Ch. 4, §82, p. 641. Robinson distinguishes the line of cases relied on here by plaintiffs, e. g., Alburger v. Alburger, 138 Pa. Superior Ct. 339 (1940), in that their concern was not with service of process, but with whether a plaintiff in a divorce action was a "bona fide resident" and had met the jurisdictional requirements of the then operative divorce code.

As Robinson also makes clear, the reason for interpreting the procedural rule to mean actual residence, and not domicile, is that ". . . since substituted service is a departure from the common law, provisions therefor must be construed in a manner . . . to assure that the defendant will actually get knowledge of the commencement of the action against him and of his duty to defend": 362 Pa. at 559. Applied to the instant case, it is plain that defendant did not maintain an actual

residence in the same household as her husband and adult daughter at the time when service was made and had not done so for an extended period of time, almost one year. Nothing here would suggest that this was merely a temporary absence or that defendant retained such a connection with the residence or her family as would characterize it as her home or usual place of abode, or as would justify substituted service upon her daughter. See, Annotat., "Construction of Phrase 'Usual Place of Abode,'" 32 A. L. R. 3d 112, 136 (§10. Separation or divorce) (1970). Compare Janney v. Janney, 350 Pa. 133 (1944). Taking the facts as we determined them, it was not likely that defendant would receive prompt notice of this lawsuit as the result of service of the complaint upon her daughter.

Accordingly, we conclude that the substituted service on defendant's daughter was defective.[2] We further find that the lack of notice of this lawsuit until after the entry of the default judgment and defendant's subsequent inability to assert a defense are equitable circumstances that serve to justify the opening of the judgment.

Since this is a trespass action, defendant is not required to demonstrate that she has a meritorious

---

[2] The question of whether defendant's filing of a petition to open the judgment amounted to a waiver of this defect has not been raised. See Commonwealth v. Degillio, 197 Pa. Superior Ct. 568, 571-72 (1962), expressly overruled as to the conclusiveness of the sheriff's return by Hollinger v. Hollinger, supra, at 479. Also see John-Paul Corp. v. Burroughs Corp., 55 D. & C. 2d 119 (Montg. 1972). In any event, we need not meet that question here. In our opinion, defendant's preliminary objections were sufficient to challenge the validity of the sheriff's return of service as to defendant's residence. Cf. Monaco v. Montgomery Cab Co., 417 Pa. 135, 140 (1965); John-Paul Corp. v. Burroughs Corp., supra.

defense in order that the judgment be opened. Nonetheless, the presence of such defense, which here was borne out in the depositions as a defense to liability for the underlying automobile accident, adds weight to the equitable argument in defendant's favor. Defendant took steps to attack the judgment within weeks after her discovery of the existence of this action and within approximately two months after judgment was entered. The requirement of timeliness in the filing of the petition to open the judgment was, under the circumstances, thereby satisfied.

For these reasons, the judgment shall be opened and defendant allowed to plead to the complaint. However, inasmuch as she now has notice of this lawsuit, she shall not be permitted to reassert the lack of personal jurisdiction by reason of the invalidity of the service of the complaint. She will be deemed to have submitted herself to the jurisdiction of this court for this lawsuit as though service of process had been made properly. To that extent, plaintiffs' preliminary objections to defendant's preliminary objections raising a question of jurisdiction over the person are sustained.

We enter the following

### ORDER

And now, September 20, 1972, this matter having come before the court on argument under Bucks County Rule No. 266, the within rule to show cause why default judgment should not be opened is hereby made absolute, the judgment is opened and defendant is granted leave to plead to the complaint within 20 days following service hereof. Plaintiffs' preliminary objections to defendant's preliminary objections are sustained to the extent set forth in the above opinion.