U. R. E. Federal Credit Union *v.* Bealko et ux., Appellants.

*Paul L. Hammer,* with him *Weaver and Hammer,* for appellant.

*Harry L. Lentchner,* for appellee.

OPINION BY JACOBS, J., June 14, 1973:

On this appeal the appellants argue that the lower court erred in dismissing their preliminary objections, having wrongly decided an issue as to in personam jurisdiction.

The facts are as follows: The appellee, being the holder of a joint and several note signed by appellants, began a suit in assumpsit on the note by filing a complaint. The sheriff's return set forth that he served both appellants at their residence at a certain address in McKeesport, by handing two copies of the complaint to Albert A. Bealko personally and further stating that Albert was the husband of Alice F. Bealko and an adult member of the family with whom she resided.

Appellants filed preliminary objections raising the validity of service and alleging facts outside the record with regard to that issue. Those facts were that Alice F. Bealko did not reside at the address in McKeesport and had not for some time been a member of the family of Albert A. Bealko.

Whether or not the preliminary objections were endorsed with a notice to plead does not appear from the record. In any event, the appellee did not file an answer but listed the case for argument. No depositions were taken and after argument the court dismissed the preliminary objections.

If uncontradicted, the sheriff's return, on which the lower court based its holding, would make unlikely a decision other than that reached below. It shows on its face clear compliance with Pa. R. C. P. No. 1009 governing service of the complaint. It indicates that Albert A. Bealko, an individual, was served when the complaint was handed to him, and that Alice F. Bealko was served when a copy was handed to her husband, an adult member of the family with which she resided, at her residence.[1]

However, in its brief filed in this appeal appellee admits that there was no service on Alice F. Bealko because she did not reside at the McKeesport address and was not a member of Albert A. Bealko's family. For that reason, it is now apparent that the court below does not have jurisdiction over the person of Alice F. Bealko.

The order dismissing Albert A. Bealko's preliminary objections is affirmed. The order dismissing Alice F. Bealko's preliminary objections is reversed and as to her the service is set aside.

---

[1] As to the high degree of respect which is to be accorded a sheriff's return, see *Miller v. Carr*, 221 Pa. Superior Ct. 306, 292 A.2d 423 (1972).