**First Pennsylvania Bank N.A. v. Selser**

*Leo F. Doyle*, for plaintiff.
*Norman Stein* and *Bruce Fox*, for defendants.

KALISH, *J.*, January 12, 1979—

## I. BACKGROUND

Plaintiff has filed an action in assumpsit for moneys allegedly owed and due on a sales contract for a motor vehicle. Defendants have filed various preliminary objections under Pa.R.C.P. 1017(b)(1), (2) and (3), seeking to have the complaint dismissed for using the wrong cause of action, dismissed against defendant William Selser, Sr., for lack of personal service, and to be made more specific.

## II. DISCUSSION

A. Defendants first contend that this complaint is in effect an action for a deficiency judgment and must be brought as such since plaintiff, having already repossessed the auto in question and allegedly resold it, seeks to recover only what is re-

maining of the original debt. They further insist that plaintiff under the provisions of the Act of June 28, 1947, P.L. 1110, as amended, 69 P.S. §§626 and 627, must allege in his complaint in what manner the vehicle was sold, the date of resale and the proceeds from the resale. They assert that without such information they cannot adequately defend this action.

Defendants are mistaken in their contention that plaintiff must bring this action as a deficiency cause of action. This is simply an action for an alleged breach of contract. Plaintiff has properly pleaded all the essentials of a contract, i.e., those facts material to the existence of a contract and essential to show liability. If plaintiff has repossessed the car, then that is a proper defense to be made under new matter under Pa.R.C.P. 1030. If defendants are lacking in information concerning this supposed repossession, then they may properly use discovery proceedings in order to gain the necessary information. "[I]t is not the function of the complaint to be an all inclusive narrative of events underlying the claim. A plaintiff need only plead those material facts necessary to sustain a recovery which at the same time enables a defendant to defend." General State Authority v. Lawrie & Green, 24 Pa. Commonwealth Ct. 407, 356 A. 2d 851 (1976). Pennsylvania is no longer a strict fact pleading state in which every fact must appear in the complaint.

B. Defendants also object to plaintiff's use of lump sum amounts in its attempt to recover damages for attorneys' fees and moneys owed under the contract . These objections are without merit. With the expanded discovery proceedings, defendants

may readily ascertain what they seek without the need to delay litigation by a requirement of amended pleadings: Van Balen v. United National Gas Company, 1 Crawford 56 (1960).

C. Defendant Helen Selser has also filed a preliminary objection over plaintiff's attempt to obtain personal service over her husband and co-defendant William F. Selser, Sr. This objection is sustained and the action against defendant William Selser, Sr., is dismissed without prejudice.

Plaintiff attempted to serve the co-defendant by serving Helen Selser at her home address, 661 East Clementine Street in Philadelphia, pursuant to Pa.R.C.P. 1009(b)(2), which permits service to be made by "handing a copy at the residence of the defendant to an adult member of the family with which he resides." Service must be made at the actual residence of defendant; it cannot be a constructive residence or domicile: Robinson v. Robinson, 362 Pa. 554, 67 A. 2d 273 (1949); U.R.E. Federal Credit Union v. Bealko, 224 Pa. Superior Ct. 288, 307 A. 2d 393 (1973); and Tomlinson v. Halfhill, 57 D. & C. 2d 793 (1972).

If defendant's absence from the residence is of a permanent nature, then he cannot be served at that location. It does not matter that technically defendant remains married to a spouse living in that residence: U.R.E. Federal Credit Union v. Bealko, supra.

Defendant Helen Selser has alleged in her preliminary objections and confirmed in her deposition held pursuant to Pa.R.C.P. 209 that co-defendant William Selser, Sr., does not presently reside with her and has not lived with her for some four years. Therefore, Helen Selser could not accept

valid service for William Selser, Sr.: U.R.E. Federal Credit Union v. Bealko, supra; Tomlinson v. Half-hill, supra.

The sheriff's return for the service states that defendant William Selser, Sr., lives at 661 East Clementine Street with his wife, Helen Selser. Although it is true that extrinsic evidence may not normally be used to attack a sheriff's return, the return may be attacked on matters not within the sheriff's personal knowledge: Hollinger v. Hollinger, 416 Pa. 473, 206 A. 2d 1 (1965). Whether William Selser, Sr., lives with his wife, Helen Selser, is not a matter within the sheriff's personal knowledge and may be proven by extrinsic evidence as was done here.

Helen Selser as wife of William Selser, Sr., and a co-defendant, has the proper standing to raise this jurisdictional question since she may be prejudiced by a decision against her absent husband. One who has a natural interest in the affairs of defendant or may be otherwise harmed by a decision against that defendant may raise the jurisdictional question concerning an absent defendant: Bausinger v. Heichel, 53 D. & C. 2d 486 (1971), affirmed per curiam, 220 Pa. Superior Ct. 702, 283 A. 2d 300 (1971) (husband permitted to challenge validity of service on deceased wife since he was a party to the action and could be prejudiced if judgment was entered against decedent); Faust v. Rigel, 4 D. & C. 394 (1923). See also Tropic Builders v. Naval Ammunition Depot, 48 H. 306, 402 P. 2d 440 (1976) (co-defendant could raise alleged defect in service on absent defendant where co-defendant was principal on a bond insuring absent defendant against any claims made against defendant.)

Helen Selser owns her home with her husband as tenants by the entireties. Since plaintiff would likely execute judgment against this home if it prevails, Helen Selser would be prejudiced by judgment against her husband.

The idea of service under Pa.R.C.P. 1009 is to give reasonable assurance that defendant will have actual knowledge of the action and of his duty to defend. If service is improper, then there is no such assurance. However, the legislature has approved another method by which plaintiff may serve defendant where there is ample evidence providing that defendant is concealing his whereabouts. Under the provisions of Pa.R.C.P. 2079, plaintiff may make service by registered mail on the Secretary of the Commonwealth and the absent defendant at his last known address. This method is proper for service of an assumpsit complaint on a defendant concealing his whereabouts. See Russell v. Pivirotto, 72 D. & C. 2d 318 (1975). See also Act of July 9, 1976, P.L. 586, as amended, 42 Pa.C.S.A. §5322 (situations in which residents who conceal their whereabouts may be served).

Finally, if the court did not sustain this objection, after final judgment, defendant William Selser, Sr., may well appear and seek to open up the judgment because of the defect in service. It is far better to resolve this problem at an early stage in the proceedings.

## ORDER

And now, January 12, 1979, upon consideration of the within preliminary objections to plaintiff's complaint in assumpsit and plaintiff's answer

thereto, it is hereby ordered and decreed that defendant Helen Selser's preliminary objections to plaintiff's complaint are sustained in part: the action against William Selser, Sr., is dismissed without prejudice for lack of personal jurisdiction.

The remainder of the objections are dismissed. Defendants are ordered to file a responsive pleading within 20 days of this date.