**Solomon SIMMONS, Appellant,**

v.

**DELAWARE COUNTY TAX CLAIM BUREAU, Derwin C. Clark and C & Y Contractors, Inc.**

Commonwealth Court of Pennsylvania.

Argued March 12, 2002.
Decided April 10, 2002.

---

Joseph J. McIntosh, Media, for appellant.

Adrian R. Reid, Philadelphia, for appellees.

Before SMITH–RIBNER, Judge, FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Solomon Simmons (Simmons) appeals from the September 24, 2001 order of the Delaware County Court of Common Pleas (trial court) denying Simmons' petition to set aside the tax sale (Petition) of his property due to lack of notice. We affirm and deny Derwin C. Clark and C & Y Contractors, Inc.'s (together, Appellees) request for sanctions.

■ Simmons acquired the property and house at 900 Barker Road, Sharon Hill, Delaware County, Pennsylvania (Property) in June of 1993. (R.R. at 7a.) Due to Simmons' failure to pay county, township and school real estate taxes incurred from 1997 to 2000, plus other liens and charges, filing fees, recording fees and Delaware County Tax Claim Bureau (Bureau) fees, the Property was sold at a judicial tax sale on June 13, 2001.[1] Derwin C. Clark purchased the Property for approximately $8,800.00. (R.R. at 4a.) Simmons filed the Petition on July 16, 2001, claiming that the sale should be set aside because he never received notice of the impending sale.

At a September 24, 2001 hearing before the trial court, Simmons explained his position. Simmons testified that he and his current wife, Karen Simmons, separated for approximately three weeks when Karen Simmons left their marital residence in Chester, Pennsylvania (Residence), to stay with a relative on March 24, 2001; the couple reconciled in mid-April. (Trial ct. op. at 2.) Simmons testified that Karen Simmons did not remove her clothing or personal belongings from the Residence during the separation, nor did she file any divorce action against him or formally change her address to something other than the address of the Residence. She continued to be a registered voter at the Residence address. Additionally, during the three weeks of separation, Karen Simmons continued to visit the Residence. (Trial ct. op. at 2–3.)

On March 31, 2001, when Karen Simmons was at the Residence picking up personal items, she accepted service from the Delaware County Sheriff (Sheriff) of the Petition and Rule of Judicial Sale (Rule). (Trial ct. op. at 3.) The Sheriff indicated on the cover sheet for the Rule that he served "Karen Simmons, wife" at

---

**1.** Because the Property was sold at a *judicial* tax sale, the trial court indicated that the sale was preceded by an *upset* tax sale for the same tax years and that Simmons would have received, by certified mail, at least two notices of the proposed upset sale. (R.R. at 64a–65a.)

Under section 610 of the Real Estate Tax Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.610, if the upset price of a property is not bid at the sale, the Bureau may petition the Court of Common Pleas to sell the property by judicial sale. 72 P.S. § 5860.610; *In re Serfass*, 651 A.2d 677 (Pa.Cmwlth.1994). "Upon the presentation of such petition ... the court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold...." 72 P.S. § 5860.610. The rule to show cause must be personally served by the sheriff. 72 P.S. § 5860.611; *Serfass*.

If upon hearing, the court is satisfied that service of the rule has been made upon the parties named in the rule, in the manner provided by this act, and that the facts stated in the petition are true, it shall order and decree that said property be sold ... freed and cleared of all tax and municipal claims, mortgages, liens, charges and estates, except separately taxed ground rents, to the highest bidder, and that the purchaser at such sale shall take and thereafter have an absolute title to the property sold....

72 P.S. § 5860.612(a). There is no requirement in the Law that the landowner have actual notice of the date of the judicial sale itself; the only requirement is that the landowner be given notice under section 611 of the Rule to Show Cause. *Serfass*.

the Residence on March 31, 2001 at 9:07 a.m. (Trial ct. op. at 2; R.R. at 8a.)

In his Petition, Simmons argued that service to his wife at the Residence failed to satisfy the service requirements of section 611 of the Real Estate Tax Law (Law)[2] and Pa. R.C.P. No. 402(a)[3] because he and his wife were separated, and she was not residing at the Residence at the time. The trial court disagreed and, in a September 24, 2001 order, denied the Petition.

■ In a November 5, 2001 written opinion, the trial court explained its September 24, 2001 ruling and indicated that, although Karen Simmons may not have been staying at the Residence when she accepted service of the Rule, that address "still remained her formal, legal residence and, at the very least, she was 'an adult

person in charge of such residence' at the time service was accomplished by the Sheriff." Thus, the trial court reasoned, service was proper under Pa. R.C.P. No. 402(a) and section 611 of the Law. (Trial ct. op. at 3.) Simmons now appeals to this court.[4]

Simmons first argues that service was improper because he was not served personally. However, because Pa. R.C.P. No. 402 does not require the defendant of a lawsuit to be served personally, we must reject this argument.

■ Next, Simmons contends that service on Karen Simmons did not provide him with proper notice because Karen Simmons was not "an adult member of the family with whom he resides," as required by Pa. R.C.P. No. 402(a). We agree with Simmons on this point.[5]

2. Section 611 of the Law, 72 P.S. § 5860.611, provides, in pertinent part:
   Service of the rule shall be made in the same manner as writs of scire facias are served in this Commonwealth.... The sheriff shall attach to his return, the return receipts, and if the person named in the rule has refused to accept the registered mail or cannot be found at his last known address, shall attach evidence thereof. This shall constitute sufficient service under this act.
   The sheriff in the county where the land is located shall serve writs of scire facias and all such writs shall be made returnable to the Court of Common Pleas where the suits shall be tried. Section 5 of the Act of April 11, 1872, P.L. 51, 64 P.S. § 467.
3. Pa. R.C.P. No. 402(a) provides (emphasis added):
   (a) Original process may be served
   (1) by handing a copy to the defendant; or
   (2) by handing a copy
   (i) at the residence of the defendant to an *adult member of the family with whom he [or she] resides;* but if no adult member of the family is found, then to an *adult person in charge of such residence* ....
4. The scope of review in tax sale cases is limited to determining whether the trial court

abused its discretion, rendered a decision without supporting evidence or clearly erred as a matter of law. *In re Upset Sale of Properties Against Which Delinquent 1997 Taxes Were Returned to the Tax Claim Unit, Fiscal Operations on or About the Last Day of 1998*, 777 A.2d 532 (Pa.Cmwlth.2001), *appeal denied*, 793 A.2d 912 (2002).

5. The rule in Pennsylvania is that, in the absence of fraud, a sheriff's return of service, which is full and complete on its face, is conclusive and immune from attack by extrinsic evidence. *Hollinger v. Hollinger*, 416 Pa. 473, 206 A.2d 1 (1965). However, the conclusive nature of the sheriff's return is restricted "only to facts stated in the return of which the sheriff presumptively has personal knowledge, such as when and where the writ was served...." *Id.* at 477, 206 A.2d at 3 (emphasis deleted). For example, such facts do not include a sheriff's statement that a place is the residence of the defendant because that is a fact the sheriff has been told by others. *Id.*

Whether Karen Simmons was living at the Residence when the Sheriff served the Rule is not a fact based on the Sheriff's personal knowledge. Thus, the service is not conclusive to determine whether Karen Simmons

Although we acknowledge that Karen Simmons, as Simmons' wife, is an adult member of the family, *See Continental Bank v. Rapp*, 336 Pa.Super. 160, 485 A.2d 480 (1984); 2 STANDARD PENNSYLVANIA PRACTICE 2d §§ 10.92, 10:99 (2001), we also recognize that Simmons was not residing with his wife at the time the Sheriff served the Rule.[6]

"Residence" is defined as:

the place where one actually lives, as distinguished from a domicile.... *Residence* usu[ally] just means bodily presence as an inhabitant in a given place; *domicile* usu[ally] requires bodily presence plus an intention to make the place one's home. A person thus may have more than one residence at a time but only one domicile.

BLACK'S LAW DICTIONARY 1310 (7th ed.1999). Our supreme court has applied this definition in the context of service to an adult family member with whom the defendant resides stating, "Domicile is a matter of intention; residence is a physical fact." *Robinson v. Robinson*, 362 Pa. 554, 559, 67 A.2d 273, 275 (1949). "Residence" means actual residence and does not mean constructive residence or domicile. *Id.* at 560, 67 A.2d at 275. The *fact* is that, at the time service was made, Karen Simmons was not *actually* living at the Residence with Simmons. Thus, she was not residing with Simmons for purposes of Pa. R.C.P. No. 402(a).

However, if original process cannot be left with an adult family member with whom the defendant resides, it can be left with an "adult person in charge" of the residence. Pa. R.C.P. No. 402(a). Karen Simmons was an adult person in charge of the Residence.

In interpreting the phrase "in charge" as it is used in a rule governing service to corporations and similar entities,[7] our supreme court has recognized that "the purpose of the rule is to satisfy the due process requirement that a defendant be given adequate notice that litigation has commenced." *Cintas Corporation v. Lee's Cleaning Services, Inc.*, 549 Pa. 84, 95, 700 A.2d 915, 919–20 (1997). In *Cin-*

---

was someone with whom Simmons resides or whether she was an adult in charge of the Residence, and the service can be challenged on those bases.

**6.** Although Pa. R.C.P. No. 402(a) contains the phrase "if no adult member of the family is found" and we have concluded that Karen Simmons was an adult member of the family, because this phrase follows "an adult member of the family with whom he [or she] resides" and is part of the same sentence, it is obvious that the phrases must be read together and that, under the rule, the adult family member must reside with the defendant for service to be proper.

"Service of process by leaving a copy of the process with some third person at the defendant's residence when the defendant is absent ... is generally referred to as substituted or constructive service." 2 STANDARD PENNSYLVANIA PRACTICE 2d § 10.86 (2001). The court must strictly construe statutes and rules, including Rules of Civil Procedure which allow substituted or constructive service, because they are in derogation of the common law. *Kittanning Coal Co., Inc. v. International Mining Co., Inc.*, 551 F.Supp. 834 (W.D.Pa.1982); *McCall v. Gates*, 354 Pa. 158, 47 A.2d 211 (1946).

**7.** Pa. R.C.P. No. 424 (emphasis added) provides:

Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:

(1) an executive officer, partner or trustee of the corporation or similar entity, or

(2) the manager, clerk or other person for the time being *in charge* of any regular place of business or activity of the corporation or similar entity, or

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

*tas,* the supreme court concluded that "there *must be a sufficient connection* between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it." [8] *Id.* at 96, 700 A.2d at 920 (emphasis added).

Here, Simmons contends that his due process rights were violated because he was deprived of his property without notice. However, service of the Rule on Simmons' wife at Simmons' Residence was reasonably calculated to give Simmons notice of the action against him. There is no dispute that service was made at Simmons' correct address. Further, although Karen Simmons did not actually reside with Simmons at the time, she had a sufficient connection to Simmons to be an adult in charge of the premises under Pa. R.C.P. No. 402(a).[9]

■ We next consider the request from Appellees that sanctions be imposed on Simmons for filing a frivolous appeal. Appellees argue that sanctions are warranted because Simmons' appeal has no likelihood of success and delay of the pending proceedings has denied Clark full use of the Property.

■ Pursuant to Pa. R.A.P. 2744,[10] this court has the discretion to award counsel fees and damages for a frivolous appeal. An appeal is frivolous if it is devoid of merit with no likelihood of success, such as an argument running counter to well-established rules of law. *Robinson v. City of Philadelphia,* 666 A.2d 1141 (Pa.Cmwlth.1995). A "frivolous appeal" for purposes of attorney's fee award is one lacking any basis in law or fact. *Pennsylvania Department of Transportation v. Workmen's Compensation Appeal Board (Tanner),* 654 A.2d 3 (Pa.Cmwlth.1994).

This case presents a new set of facts, different from other cases in which this court has addressed service defects.

---

**8.** In reaching its conclusion, the supreme court cited *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476 (3d Cir.1993) (holding that a receptionist who worked in the lobby of a building where the defendants were tenants but did not work for defendants was not a person in charge because she did not have a significant connection to defendants); *Trzcinski v. Prudential Property and Casualty Insurance Company,* 409 Pa.Super. 114, 597 A.2d 687 (1991) (holding that the receptionist of a law firm that had represented the defendant in previous matters was not in charge of the defendant's regular place of business); *Fisher v. Kemble Park, Inc.,* 186 Pa.Super. 407, 142 A.2d 353 (1958) (holding that service on a janitor in a building owned by the defendant was not sufficient); and *Hopkinson v. Hopkinson,* 323 Pa.Super. 404, 470 A.2d 981 (1984) (holding that service on a receptionist in the defendant's offices who represented to the process server that she was the person in charge was proper), *overruled on other grounds, Sonder v. Sonder,* 378 Pa.Super. 474,

549 A.2d 155 (1988). *Cintas,* 549 Pa. at 95–96, 700 A.2d at 920.

**9.** *See Drury v. Zingarelli,* 198 Pa.Super. 5, 180 A.2d 104 (1962) (holding that service to the defendant's visiting mother-in-law was proper even though the mother-in-law did not permanently reside with the defendant and her husband).

**10.** Pa. R.A.P. 2744 provides:

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
(1) a reasonable counsel fee and
(2) damages for delay at the rate of 6% per annum in addition to legal interest,
if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Thus, the outcome is not completely clear under established law. This case also differs from cases in other Pennsylvania courts, which turn on whether service was made at the defendant's residence;[11] an issue here was whether the person served at the defendant's residence actually resided there. Because this is a somewhat novel approach to the question of proper service, the case is not so obviously frivolous as to warrant sanctions.

Accordingly, we affirm without sanctions.

### ORDER

AND NOW, this 10th day of April, 2002, the order of the Delaware County Court of Common Pleas, dated September 24, 2001, is hereby affirmed.

---

11. *See, e.g., Keller v. LaBarre*, 225 Pa.Super. 504, 311 A.2d 683 (1973); *U.R.E. Federal Credit Union v. Bealko*, 224 Pa.Super. 288, 307 A.2d 393 (1973); and *Robinson*.