# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Borough of Palmyra | : | |
| | : | |
| v. | : | |
| | : | |
| Raymond U. Brandt, | : | No. 1575 C.D. 2018 |
| Appellant | : | Argued: September 10, 2019 |

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: October 9, 2019

Raymond U. Brandt (Brandt) appeals from an order of the Court of Common Pleas of Lebanon County (trial court). On September 11, 2018, the trial court granted judgment on the pleadings in favor of the Borough of Palmyra (Borough) and issued an opinion finding Brandt was in violation of the Borough's zoning ordinance after he admitted that he did not appeal the Borough's zoning enforcement notice to the Borough's zoning hearing board. Trial Court Order, 9/11/18 at 1, Reproduced Record (R.R.) at 60a; Original Record (O.R.), Trial Court Opinion, 9/11/18 at 2 & 4-5; *see also* Amended Complaint at 5; R.R. at 15a; Answer at 3, R.R. at 52a. Thereafter, by order dated October 25, 2018, the trial court assessed fines, penalties and attorneys' fees against Brandt. Trial Court Order, 10/25/18, R.R. at 125a. Upon review, we affirm.

By letter dated July 8, 2016, the Borough notified Brandt that his property was in violation of three provisions of the Borough's zoning ordinance, and that the Borough would institute a civil enforcement proceeding against him if he did not completely correct or remove the zoning violations by August 8, 2016. Zoning Enforcement Notice at 1, R.R. at 1a. The zoning officer sent the zoning enforcement notice to Brandt both by certified mail, return receipt requested, and first-class mail. Zoning Enforcement Notice at 3, R.R. at 3a; *see also* Transcript of Testimony (T.T.) at 8, R.R. at 70a. The copy of the zoning enforcement notice sent by certified mail was returned as unclaimed, but the copy sent first class was not returned as undeliverable. T.T. at 9, R.R. at 71a. The zoning enforcement notice informed Brandt that he had 30 days to completely correct or remove the zoning violations. Zoning Enforcement Notice at 1, R.R. at 1a. The zoning enforcement notice further provided:

> **Please be advised that you have the right to appeal this Enforcement Notice to the Palmyra Borough Zoning Hearing Board within thirty (30) days if you believe that I have misinterpreted or misapplied the [z]oning [o]rdinance. Failure to appeal this Enforcement Notice may constitute a waiver of certain rights and may result in a conclusive determination that the condition of the property violates the [z]oning [o]rdinance.**

*Id.* (emphasis in original). Brandt did not appeal to the zoning hearing board.[1] Zoning Enforcement Notice at 1, R.R. at 1a. The Borough filed a civil complaint with the magisterial district court on November 30, 2016, seeking civil penalties,

---

[1] After the 30-day window to come into compliance closed, Brandt filed an application for a zoning permit to construct a shed and a fence. Civil Complaint at 2, R.R. at 6a. However, Brandt did not follow up with the Borough's requests for additional information regarding his application, and the Borough proceeded with enforcement of the zoning ordinance. Civil Complaint at 3, R.R. at 7a.

2

filing costs and attorneys' fees. Civil Complaint, R.R. at 4a-8a. On March 29, 2017, the magisterial district judge entered judgment in favor of the Borough, including an award of filing fees, costs and attorneys' fees. Notice of Judgment, R.R. at 9a. Brandt appealed this judgment to the trial court. Notice of Appeal, R.R. at 10a. The Borough filed a complaint with the trial court, to which Brandt filed preliminary objections. O.R., Trial Court Opinion, 9/11/18 at 2. The Borough opted to file an amended complaint in lieu of an answer to Brandt's preliminary objections pursuant to Pennsylvania Rule of Civil No. Procedure 1028(c)(1). In its amended complaint, the Borough alleged that Brandt failed to correct the zoning violations described in the zoning enforcement notice. Amended Complaint at 5-6, R.R. at 15a-16a. The Borough sought recovery of civil penalties for violations of its zoning ordinance, equitable relief for correction of the violations and recovery of attorneys' fees incurred in the enforcement of the zoning ordinance. Amended Complaint at 6-10, R.R. at 16a-20a. Brandt then filed preliminary objections to the amended complaint, arguing that the trial court lacked jurisdiction due to defective service of the zoning enforcement notice and that the Borough failed to properly allege a violation of its zoning ordinance. Preliminary Objections at 1-5, R.R. at 35a-39a. On April 13, 2018, the trial court issued an order overruling Brandt's preliminary objections. O.R., Trial Court Order, 4/13/18. In an accompanying opinion, the trial court held that the Borough complied with Section 616.1(b) of the Pennsylvania Municipalities Planning Code (MPC)[2], 53 P.S. § 10616.1(b), in mailing the zoning enforcement notice to Brandt by both regular and certified mail. O.R, Trial Court Opinion, 4/13/18 at 6. The trial court also noted that "failure to appeal an enforcement notice to the zoning hearing board renders the violations stated in the enforcement notice

___

[2] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 60 of the Act of Dec. 21, 1988, P.L. 1329.

binding and precludes further review by the district justice and the trial court." *Id.* at 7. Thus, the trial court found that "in the present action [it was] limited to making determinations with regard to the Borough's request for penalties, [attorneys'] fees and equitable relief pertaining to the violations described in the Enforcement Notice." *Id.* at 8.

On May 9, 2018, Brandt filed an answer to the Borough's amended complaint admitting that he did not appeal the enforcement notice to the zoning hearing board. *See* Amended Complaint at 5, R.R. at 15a; Answer at 3, R.R. at 52a. On June 8, 2018, the Borough filed a motion for judgment on the pleadings, to which Brandt filed a brief in opposition. Trial Court Docket, R.R. at iv, v & 55a. On September 11, 2018, the trial court issued an opinion and order granting the Borough's motion for judgment on the pleadings, citing the same reasons set forth in its prior opinion denying Brandt's preliminary objections. Trial Court Order, 9/11/18 at 1; R.R. at 60a; O.R., Trial Court Opinion at 5. The trial court also ordered Brandt to come into compliance with the Borough's zoning ordinance and scheduled a hearing on the amount of reasonable attorneys' fees incurred by the Borough and the amount of penalties to be assessed against Brandt. O.R., Trial Court Order, 9/11/18 at 1. On October 25, 2018, the trial court held a hearing on penalties and attorneys' fees. T.T. at 1 & 16-17, R.R. at 63a & 78a-79a. On October 26, 2018, the trial court entered an order, dated October 25, 2018, finding that Brandt was still in violation of the Borough's zoning ordinance and ordering Brandt to pay the Borough a fine of $938 and $2,500 in attorneys' fees. Trial Court Order, 10/25/18, R.R. at 125a.

Brandt then appealed to this Court and subsequently filed a concise statement of errors complained of on appeal, contending that the trial court erred by

4

permitting the action to proceed in the absence of proof or acknowledgment of service of the zoning enforcement notice or, in the alternative, by applying offensive collateral estoppel, or giving preclusive effect, to a purported default before the zoning hearing board in the absence of proof or acknowledgement of service of the enforcement notice.  O.R., Statement of Errors Complained of on Appeal at 1.

Before this Court,[3] Brandt argues that service by regular mail alone, or by certified mail when returned as unclaimed, is not acceptable for serving initial process in any form of action.  Brandt's Brief at 13.  Brandt notes that the MPC does not specify how a zoning enforcement notice shall be sent.  *Id.* at 18.  Brandt asserts that the Borough unsuccessfully attempted service pursuant to Pennsylvania Rule of Civil Procedure No. 403, because the copy of the zoning enforcement notice sent by certified mail was returned as unclaimed.  *Id.* at 18-19.[4]  Further, Brandt maintains that the trial court erroneously relied upon *Township of Bushkill v. Heater* (Pa. Cmwlth., No. 1536 C.D. 2007, filed July 10, 2008),[5]  because it is not clear from the record in that case that the property owners actually received the zoning enforcement

---

[3] "Our review of a trial court's decision granting a motion for judgment on the pleadings considers whether the court committed an error of law or whether unresolved questions of material fact remain outstanding."  *Pfister v. City of Philadelphia*, 963 A.2d 593, 596 n.7 (Pa. Cmwlth. 2009) (citing *Travelers Casualty & Surety Co. v. Castegnaro*, 772 A.2d 456, 459 (Pa. 2001)).  "Our scope of review is plenary."  *Id.* (citing *Lindstrom v. City of Corry*, 763 A.2d 394, 396 (Pa. 2000)).

[4] Pennsylvania Rule of Civil Procedure 403 provides, in part:

> If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail.

Pa.R.C.P. No. 403.

[5] This Court's unreported memorandum opinions may be cited for persuasive value. Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a).

notice. *Id.* at 20. Brandt contends, "to the extent that [*Heater*] excuses deficient service, it runs afoul of due process and should not be followed." *Id.* at 21. Further, Brandt posits that "it would be more than reasonable" to read the requirements contained in either Pennsylvania Rule of Civil Procedure No. 403 or Pennsylvania Rule of Criminal Procedure 451 into the MPC. *Id.* at 24. Brandt asserts that legislation should be read in a way that ensures its constitutionality, if possible. *Id.* Accordingly, Brandt proposes viewing the enforcement notice as the equivalent of a complaint or citation. *Id.* Brandt requests that this Court dismiss this matter without prejudice because the enforcement notice was not properly served, such that Brandt was deprived of the opportunity to appeal to the zoning hearing board. *Id.* at 26. Alternatively, Brandt requests that this Court remand the case to the trial court to consider the alleged zoning violation on the merits. *Id.* at 27.

The Borough counters that the trial court did not err in granting judgment on the pleadings, because Brandt's failure to appeal the Borough's enforcement notice to the zoning hearing board resulted in a conclusive determination of the violations stated therein. Borough's Brief at 12-13. The Borough argues that it properly served Brandt, as it sent the enforcement notice to Brandt in accordance with MPC Section 616.1, 53 P.S. § 10616.1. *Id.* at 19.

MPC Section 616.1 provides, "[i]f it appears to the municipality that a violation of any zoning ordinance enacted under this act or prior enabling laws has occurred, the municipality shall initiate enforcement proceedings by sending an enforcement notice . . . to the owner of record of the parcel on which the violation has occurred[.]" 53 P.S. § 10616.1(a), (b). Notably, the MPC does not require that the notice be sent by certified mail. In *Heater*, the township sent a zoning enforcement notice to property owners via both certified and regular mail. *Heater*,

6

slip op. at 2. The certified letter was returned as unclaimed, and the property owners did not appeal to the zoning hearing board. *Id.* The trial court entered a verdict in favor of the township and the property owners appealed to this Court, claiming that the township failed to comply with MPC Section 616.1, 53 P.S. § 10616.1, by failing to ensure they received the zoning enforcement notice, as evidenced by the fact that the certified letter was returned to the township as unclaimed. *Heater*, slip op. at 2-4. We held as follows:

> [T]he township properly complied with [MPC] Section 616.1(b) in that it sent the enforcement notice to the "owner of record of the parcel on which the violation has occurred. . . ." Specifically, the [t]ownship sent the enforcement notice via certified mail and regular mail to [the parcel owners of record] . . . . Although the certified mail was returned to the [t]ownship "unclaimed" such does not negate the fact that the [t]ownship sent the notice to the owner of record by both regular mail and certified mail. *The MPC does not mandate that the owner accept or read the enforcement notice, only that the [t]ownship send it, as the [t]ownship did in this case.*

*Id.* at 4 (emphasis added).

Here, the zoning officer sent the zoning enforcement notice to Brandt both by certified mail, return receipt requested, and first-class mail. As in *Heater*, the copy sent by certified mail was returned as unclaimed. *See id.* at 2. However, the fact that the certified copy was returned as unclaimed is of no consequence, as the MPC only requires that a municipality send the zoning enforcement notice to the property owner—it need not ensure that the notice is accepted or read. *See id.* at 4. We are unpersuaded by Brandt's assertion that *Heater* runs afoul of due process by excusing deficient service of zoning enforcement notices. "Adequate notice of

7

administrative action is notice which is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Clark v. Dep't of Pub. Welfare*, 427 A.2d 712, 714 (Pa. Cmwlth. 1981) (quoting *Mullane v. Cent. Hanover Bank and Tr. Co.*, 339 U.S. 306, 314 (1950)). This Court has specifically held "that notice sent to one's last known place of residence is reasonably calculated to give that individual actual notice of . . . administrative action." *Id.* Brandt admitted that his address is 50 West Main Street, Apartment A, Palmyra, Pennsylvania 17078, which is the address to which the Borough sent the zoning enforcement notice. *See* Amended Complaint at 1 & 4, ¶¶ 2 & 20, R.R. at 12a & 14a; Exhibit B to Complaint, O.R.; Answer at 1-2, ¶¶ 1 & 14, R.R. at 50a-51a; Zoning Enforcement Notice at 1, R.R. at 1a; *see also* T.T. at 41, R.R. at 103a. Thus, the Borough did not "excuse deficient service" thereby violating Brandt's due process rights. Further, we decline Brandt's invitation to read extraneous service requirements into the MPC, as "a court may not graft additional provisions onto a statute which the General Assembly did not see fit to include." *Township of Penn v. Seymour*, 708 A.2d 861, 864 (Pa. Cmwlth. 1998) (emphasis added) (holding that the township's zoning enforcement notice was sufficient under MPC Section 616.1, 53 P.S. § 10616.1, where it notified the property owner of his right to appeal to the zoning hearing board but did not further explain that right, *because the MPC contains no such requirement*). We therefore agree with the trial court's determination that the Borough complied with MPC Section 616.1, 53 P.S. § 10616.1, in sending the zoning enforcement notice to Brandt. *See* Trial Court Opinion, 9/11/18 at 5.

Brandt further argues that this Court's prior holdings that failure to appeal to the zoning hearing board renders a zoning violation unassailable

8

constitutes implicit application of the preclusion doctrines, even though this Court did not use the terms "res judicata" or "collateral estoppel" in those cases. *Id.* at 17-21. Brandt asserts that "if there has not in fact been service, there *definitely* has been no full and fair opportunity to litigate, and there should be no claim preclusion." *Id.* at 23 (emphasis in original). More specifically, Brandt contends that this Court has applied the concept of "offensive collateral estoppel" in certain cases, even though it did not use that term, by claiming it was unable to review matters that should have been appealed to a zoning hearing board. *Id.* at 17-18 n.12.

Pursuant to MPC Section 909.1(a)(3), "[t]he zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in . . . [a]ppeals from the determination of the zoning officer, including, but not limited to, the issuance of any cease and desist order[.]" 53 P.S. § 10909.1(a)(3).[6] We have held as follows:

> A landowner's failure to appeal the notice of violation results in a final adjudication that the landowner violated the zoning ordinance. If the landowner fails to appeal, he may not later deny there was a violation. If after receiving an enforcement notice, the landowner continues to violate the zoning ordinance without appealing the enforcement notice, Section 616.1(c)(6) of the MPC, 53 P.S. § 10616.1(c)(6), dictates a conclusive determination of violation, and entitles a municipality to either initiate district justice action for sanctions or file a complaint in equity to enjoin the landowner from further violations (independent of the MPC). . . . If the landowner does appeal to the zoning hearing board the MPC vests in the zoning hearing board exclusive jurisdiction to hear such an appeal.

---

[6] Added by Section 87 of the Act of Dec. 21, 1988, P.L. 1329.

9

*Woll v. Monaghan Township*, 948 A.2d 933, 937 (Pa. Cmwlth. 2008) (internal citation omitted). Thus, "failure to appeal the enforcement notice to the zoning hearing board render[s] the zoning officer's determination of a violation unassailable under Section 616.1(c)(6) of the MPC[, 53 P.S. § 10616.1(c)(6)]."[7] *Heater*, slip op. at 6 (citing *Borough of Latrobe v. Pohland*, 702 A.2d 1089 (Pa. Cmwlth. 1997)).

We find meritless Brandt's argument that this Court's adherence to the clear and explicit mandate in MPC Section 909.1(a)(3), 53 P.S. § 10909.1(a)(3), that the zoning hearing board retain exclusive jurisdiction over appeals from zoning officer determinations, constitutes an implicit and improper application of the preclusion doctrines. We have held previously that "[t]he language of [MPC] [S]ection 909.1(a)(3) could not be clearer," as this "[S]ection expressly gives the zoning hearing board *exclusive* jurisdiction to 'hear and render final adjudications' in cease-and-desist order cases[.]" *Johnston v. Upper Macungie Township*, 638 A.2d 408, 412 (Pa. Cmwlth. 1994) (emphasis in original). As this provision of the MPC is devoid of ambiguity, we cannot attribute merit to Brandt's preclusion argument. Thus, we find that the trial court did not apply either res judicata or collateral estoppel but, rather, correctly determined that Brandt's failure to appeal the zoning enforcement notice to the zoning hearing board rendered the zoning violations stated therein conclusive. *See Heater*, slip op. at 6; *see also Lower Mount Bethel Township v. Gacki*, 150 A.3d 575, 580 (Pa. Cmwlth. 2016) (affirming the trial court's decision to enter judgment on the pleadings, reasoning that the trial court's decision did not deprive the property owners of their due process right to a hearing

---

[7] Pursuant to MPC Section 616.1(c)(6), "failure to comply with the notice within the time specified, unless extended by appeal to the zoning hearing board, constitutes a violation, with possible sanctions clearly described." 53 P.S. § 10616.1(c)(6)

10

when they forfeited this right by failing to appeal the violation notice to the zoning hearing board).

Accordingly, we affirm the trial court.[8]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[8] The Borough also contends that it is entitled to costs, reasonable counsel fees and damages for delay, because Brandt's appeal was frivolous, as he "failed to cite to a single authority holding that statutory provisions allowing service of administrative notices by mail violate a party's due process." Borough's Brief at 20. Pennsylvania Rule of Appellate Procedure 2744 provides that an appellate court may award reasonable counsel fees and damages for delay, as may be just, if it determines that an appeal is frivolous or taken solely for delay. Pa.R.A.P. 2744. A "frivolous appeal" for purposes of awarding counsel fees is one lacking any basis in law or fact. *Simmons v. Delaware Cty. Tax Claim Bureau*, 796 A.2d 400, 405 (Pa. Cmwlth. 2002). Further, "[a]n appeal is frivolous if it is devoid of merit with no likelihood of success, such as an argument running counter to well-established rules of law." *Id.* However, we do not find that Brandt filed a frivolous appeal and, thus, decline to grant the Borough's request.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Palmyra     :
            :
    v.       :
            :
Raymond U. Brandt,    :  No. 1575 C.D. 2018
     Appellant   :

## O R D E R

AND NOW, this 9th day of October, 2019, the order of the Court of Common Pleas of Lebanon County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge